UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANCISCO ROMERO, | ) | 1:07-CV-01339 LJO SMS HC |
| Petitioner, | ) | |
| v. | ) | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| JAMES A. YATES, | ) | [Doc. #10] |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**[1]

Petitioner is currently in the custody of the California Department of Corrections at the California Correctional Institution located in Tehachapi, California, serving a 15 years-to-life term in state prison. Petitioner challenges a prison disciplinary hearing held on May 17, 2004, wherein Petitioner was found guilty of possession of inmate-manufactured alcohol and assessed a credit forfeiture of 120 days. See Exhibit 1, Respondent's Motion to Dismiss (hereinafter "Motion").

---

[1] This information is derived from the Petition for Writ of Habeas Corpus, and Respondent's Motion to Dismiss.

Petitioner administratively appealed the decision, and the final administrative appeal was denied on December 10, 2004. See Exhibit E, Petition.

Petitioner filed three collateral challenges in the state courts. On April 4, 2005, he filed a petition for writ of habeas corpus in the Fresno County Superior Court.[2] See Exhibit 2, Motion. The superior court denied the petition on April 14, 2005. Id. Petitioner then filed a petition for writ of habeas corpus in the California Court of Appeals, Fifth Appellate District (hereinafter "Fifth DCA"), on November 1, 2005. See Exhibit 3, Motion. The petition was denied on November 10, 2005. See Exhibit G, Petition. On December 15, 2005, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. See Exhibit 4, Motion. The petition was denied on September 13, 2006. See Exhibit H, Petition.

On August 28, 2007, Petitioner filed the instant petition for writ of habeas corpus in this Court.[3] Respondent filed a motion to dismiss the petition on November 29, 2007, for violating the statute of limitations. Petitioner filed an opposition on December 17, 2007. Respondent filed a reply to the opposition on December 20, 2007.

**DISCUSSION**

I.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief." See also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

---

[2] Although the petition was filed in the Fresno County Superior Court on April 6, 2005, the petition was dated April 4, 2005. In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), *citing* Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). Therefore under the mailbox rule, the Court deems the petition filed on April 4, 2005, the date Petitioner presumably handed his petition to prison authorities for mailing.

[3] Although the petition was filed in this Court on September 14, 2007, it is dated August 28, 2007. Pursuant to the mailbox rule, the Court deems the petition filed on August 28, 2007, the date he presumably handed the petition to prison authorities for mailing.

state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Accordingly, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on August 28, 2007, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In a situation such as this where the petitioner is challenging a prison disciplinary action, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) (holding that the Board of Prison Term's denial of an inmate's administrative appeal was the "factual predicate" of the inmate's claim that triggered the commencement of the limitations period). Therefore, the limitations period commenced on December 11, 2004, the day after Petitioner's final administrative appeal was denied. Under Section 2244(d)(1)(D), Petitioner had one year until December 10, 2005, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. Petitioner did not file his federal petition until August 28, 2007, which was over twenty months after the limitations period had expired.

A. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

In this case, Petitioner filed three post-conviction collateral challenges with respect to the pertinent judgment. The first petition was filed in the superior court on April 4, 2005. At that point, 114 days of the limitations period had expired. Petitioner is entitled to tolling for the time this petition was pending until it was denied on April 14, 2005. Petitioner then filed a habeas petition in the Fifth DCA on November 1, 2005. Pursuant to Carey v. Saffold, Petitioner is entitled to tolling for the interval between the two petitions, 536 U.S. at 215, and he is entitled to tolling for the period the second petition was pending in the Fifth DCA. Likewise, he is entitled to tolling for the interval between the second petition and the subsequent petition filed in the California Supreme Court as well as the period it was pending until it was denied on September 13, 2006. Therefore, accounting for the tolling of this single round of collateral review, the limitations period resumed on September 14, 2006, and expired 251 days later, (365 days -114 days), on May 23, 2007. Petitioner did not file the instant petition until August 28, 2007, well after the limitations period had expired. Therefore, the instant petition remains untimely.

    B.  Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(1)(D)

Petitioner seeks to invoke the statutory tolling provisions of 28 U.S.C. § 2244(d)(1)(B). See Petitioner's Reply. Title 28 U.S.C. § 2244(d)(1)(B) states that the limitation period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Petitioner claims he was prevented from timely filing his federal petition because of state-created impediments. These impediments include: 1) Petitioner was not given law library access for the 114 days between the denial of his administrative appeal and the date he filed his first state petition; 2) He was relocated to another institution and it took approximately one week for his materials to reach him; 3) The librarian was ill for two months and resulted in library closure during that time for a period of one or two days; 4) The library closure resulted in legal computers being removed for a period of three months; 5) The photocopier was broken and there was a shortage of toner for an unspecified period of time; 6) His facility was placed on four or five lockdowns; and 7) There were problems with the heating of the facility. As will be discussed, none of these circumstances qualify as state-created unconstitutional impediments, and Petitioner has failed to

1  show how these alleged impediments prevented him from timely filing his petition.

2  Section 2254(b)(1)(B) applies only to impediments created by state action that violate the
3  Constitution or laws of the United States. Shannon v. Newland, 410 F.3d 1083, 1088 n.4 (9th
4  Cir.2005). In this case, none of the impediments alleged by Petitioner violate the Constitution or
5  laws of the United States. First, Petitioner claims the law library was closed during the 114 days
6  between his administrative appeal became final and the date he filed his first state habeas petition.
7  As pointed out by Respondent, access to a law library is not in itself a free-standing constitutional
8  right. Lewis v. Casey, 518 U.S. 343, 351 (1996). Rather, law libraries are only the means for
9  ensuring "a reasonably adequate opportunity to present claimed violations of fundamental
10 constitutional rights to the courts." Bounds v. Smith, 430 U.S. 817, 825 (1977). Petitioner must show
11 the inadequate access led to actual injury. Lewis, 518 U.S. at 351-52. In other words, he must
12 demonstrate that the library closure actually prevented him from timely filing his petition. In this
13 case, he has failed to do so.

14 He states the library was closed for a period of time during the 114 days because the library
15 was insufficiently staffed. However, he fails to give specific time periods when the library was
16 closed. More importantly, he has not shown that the closure created an impediment to the filing of
17 his state habeas petition. As noted by Respondent, Petitioner's state habeas petition filed in the
18 superior court did not reference any legal authority. See Exhibit 2, Motion. In support of his claim
19 that there was not sufficient evidence to support the charge, Petitioner stated: "See Attached." Id.
20 The only items attached were copies of the Rules Violation Report, the administrative appeal, and
21 the responses to the administrative appeal. Id. All of these items were in Petitioner's possession
22 following the denial of his final administrative appeal. Thus, he has failed to demonstrate how access
23 to the law library would have allowed him to file his petition earlier, and therefore, he has failed to
24 demonstrate actual injury resulting from the alleged impediment.

25 This same rationale applies to Petitioner's claim that there were additional library closures
26 between September, 2006, and the date he filed his federal petition. He provides no specifics on the
27 allegation; he only makes a vague claim that the library was closed for one or two days. Moreover,
28 he does not state how the library closure prevented him from filing his federal petition. For the same

reasons, his allegations that the photocopier was broken or without toner and the legal computers were removed for a period of time fail.

Petitioner also alleges he experienced four or five lockdowns. However, he has failed to show that these lockdowns were not reasonably related to legitimate penological interests and therefore unconstitutional impediments. Akins v. United States, 204 F.3d 1086, 1090 (11th Cir.2000). Similarly, his claim that he was transferred to another institution must be rejected. A transfer of an inmate to another institution falls within the discretion of the state and generally does not give rise to a constitutional violation. Montalvo v. Strack, 2000 WL 718439, *2 (S.D.N.Y. 2000). Petitioner has failed to show how his transfer was not reasonably related to a legitimate penological interest. Moreover, he has failed to show how the transfer prevented him from timely filing his petition.

Lastly, Petitioner complains that there were problems with the heating of the institution. Again, he has failed to state how this problem prevented him from filing his petition.

In sum, Petitioner has failed to establish that the state created impediments in violation of the Constitution or laws of the United States. He further fails to demonstrate how the alleged impediments prevented him from timely filing his federal petition. Accordingly, he should not be granted any tolling pursuant to § 2254(b)(1)(B), and the petition remains untimely.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for violating the limitations period.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if

served by mail) after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     January 10, 2008**                    **/s/ Sandra M. Snyder**
                                                   UNITED STATES MAGISTRATE JUDGE